UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-1229 (UNA) |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), his *pro se* complaint (ECF No. 1), and his motions for a temporary restraining order (ECF No. 3), CM/ECF password (ECF No. 5), extension of time to effect service of process (ECF No. 9), and three motions regarding certification of a class (ECF Nos. 10-12). The Court grants the application, dismisses the complaint without prejudice, and denies the remaining motions without prejudice as moot.

Plaintiff's prolix complaint, in broad and vague terms, alleges wrongdoing by the current President and Vice President of the United States, certain of his advisors and Cabinet Secretaries, and individuals and entities affiliated with or otherwise loyal to the President. Generally, Plaintiff faults Defendants for their support of, adherence to, and implementation of Project 2025 which, in Plaintiff's view, among other positions contrary to the United States Constitution, perpetuates white supremacy to the detriment of non-white persons, including "black, brown, women, lgbtq, the impoverished and disabled." Compl. ¶ 109; *see e.g., id*. ¶¶ 36, 39, 121. According to Plaintiff, Defendants place "'loyalists' to the confederate white supremacist leader and white supremacy itself . . . in all positions of power, regardless of being unqualified, who

1

only answer to the will of the alleged president," *id*. ¶ 40, without regard "for the safety of Americans," *id*. ¶ 41.  Defendants allegedly engage in "'power grabbing' or usurping authority, even if operationally temporary, by executive order, memorandum, oral pronouncement, or other method, from the other branches of government, that have long term irreparable results." *Id*. ¶ 42.  At the same time, Defendants are responsible for terminating not only "federal staffers and their programs," *id*. ¶ 47, but also "investigators and oversight personnel," *id.* ¶ 48, replacing them with loyalists who are free to "rewrite . . . history," *id*.  Among other relief, Plaintiff demands a declaration that all actions taken by Defendants to implement Project 2025 are void, an injunction barring further implementation, and an award of $89 million.  *See id*. ¶ 285.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009).  "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations and internal quotation marks omitted).  A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. at 763 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  Here, Plaintiff fails to allege sufficient facts to establish standing to sue.  Rather, because he appears to raise "only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—[he] does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74.

Even if Plaintiff alleged a sufficient basis to invoke the Court's subject matter jurisdiction, Plaintiff could prosecute only his own claims. *See* 28 U.S.C. § 1654; *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (holding that individual who is "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in the District Court . . . as counsel for others"). "As a general rule applicable here, a *pro se* litigant can represent only himself in federal court." *Cannady v. State of Missouri*, No. 1:15-cv-0073 (CRC), 2015 WL 358236, at *1 (D.D.C. Jan. 13, 2015). This case is not currently a class action, and the Court may not designate it as such, given that Plaintiff is proceeding *pro se*. *See Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (denying class certification and appointment of plaintiff as class representative where plaintiff was "an incarcerated pro se litigant without legal training who is . . . not able adequately to represent the proposed class"); *Paulson v. Apple Inc.*, No. 1:15-cv-0556 (RWR), 2015 WL 1825283, at *1 (D.D.C. Apr. 13, 2015) (dismissing "'Class Action Complaint' . . . because a *pro se* party, such as plaintiff, cannot represent a class or any other individual in federal court").

The Court concludes that it lacks subject matter jurisdiction and, therefore, dismisses the complaint and this civil action without prejudice. *See* Fed. R. Civ. P. 12(h). Plaintiff is granted leave to proceed *in forma pauperis*, and his remaining motions are denied. An Order is issued separately.

/s/
TIMOTHY J. KELLY
United States District Judge

DATE: June 18, 2025