# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 26-5043**                                    **September Term, 2025**

**1:25-cv-01229-UNA**

**Filed On: April 13, 2026**

In re: John Doe, and similarly situated
citizens of the United States,

       Petitioner

**BEFORE:**    Wilkins, Katsas, and Rao, Circuit Judges

## O R D E R

Upon consideration of the petition for writ of mandamus; the motion to proceed under a pseudonym; the motion to proceed in forma pauperis; and the motion for other relief, styled as a motion for disqualification, it is

**ORDERED** that the motions to proceed in forma pauperis and under a pseudonym be granted. It is

**FURTHER ORDERED** that the motion for other relief be denied. Petitioner fails to show a valid basis for recusal of any of the district judges who ruled in this case, see Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."), or that any judge should be disqualified, see 28 U.S.C. §§ 144, 455. It is

**FURTHER ORDERED** that the petition for writ of mandamus be dismissed in part and denied in part. Insofar as petitioner seeks an order directing the district court to rule on pending motions or claims, the petition is moot because there are no motions or claims pending in the district court. The petition is otherwise denied because mandamus may not be used as a substitute for the ordinary appeal process. See In re Flynn, 973 F.3d 74, 78-79 (D.C. Cir. 2020). Petitioner's contention that the district court did not issue a final appealable order because it did not resolve his claims on the merits is incorrect. See 28 U.S.C. § 1291; N. Am. Butterfly Ass'n v. Wolf, 977 F.3d 1244, 1253 (D.C. Cir. 2020) ("Finality under section 1291 turns on whether the district court intended the judgment to represent the final decision in the case." (citation and internal marks omitted)). Although petitioner could have appealed any of the district court's final orders entered July 9, October 8, December 23, and December 31, 2025, he did not, and the time to do so has passed. See 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B). Even if the petition were construed as a notice of appeal, it would be timely only as to the district court's December 23 and 31 minute orders denying petitioner leave to file certain documents in the closed case, and petitioner has shown no abuse of discretion in the district court's decisions to deny leave to file. See Banner Health v. Price, 867

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

## No. 26-5043

## September Term, 2025

F.3d 1323, 1334-35 (D.C. Cir. 2017) (noting that district court has discretion to determine how best to manage its docket).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:     /s/
Elbert Lestrade
Deputy Clerk